Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID LEWIS OLIVER AND BARBARA ELLEN OLIVER,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC;<br><br>Defendant. | Case No. 3:12-cv-05374-BHS<br><br>**DEFENDANT OCWEN LOAN SERVICING, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>**NOTE ON MOTION CALENDAR**: **AUGUST 3, 2012** |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Ocwen Loan Servicing, LLC will and hereby does move the Court to dismiss the complaint of Plaintiffs, David Lewis Oliver and Barbara Ellen Oliver ("Plaintiffs"), with prejudice.

This Motion is made and based upon *Federal Rule of Civil Procedure* 12(b)(6) on the grounds that the claims contained in Plaintiffs' Complaint fail to state a claim upon which relief

---

DEFENDANTS MOTION TO DISMISS - 1
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone: (562) 256-1675
Facsimile: (949) 679-1112
Email: rnorman@houser-law.com

can be granted.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the concurrently filed request for judicial notice and upon all pleadings, papers, and documents on file herein, as well as any oral argument which may be presented at the time of the hearing or any matters of which judicial notice is requested and/or taken.

Dated:  July 11, 2012                         HOUSER & ALLISON
                                                                             A Professional Corporation

                                                                             /s/ Robert W. Norman
                                                                             Robert W. Norman, Jr.
                                                                             Attorneys for Defendant
                                                                             Ocwen Loan Servicing, LLC

---

DEFENDANTS MOTION TO DISMISS  - 2           ROBERT W. NORMAN, JR. (SBN 37094)
No. 3:12-CV-05374-BHS                                      HOUSER & ALLISON
                                                                                A Professional Corporation
                                                                                3780 Kilroy Airport Way, Suite 130
                                                                                Long Beach, California 90806
                                                                                Telephone:  (562) 256-1675
                                                                                Facsimile:  (949) 679-1112
                                                                                Email:  rnorman@houser-law.com

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

In 2005, Plaintiffs obtained a loan from Argent Mortgage Company, LLC in the amount of $144,500.  The loan was secured by a Deed of Trust recorded against the property located at 2109 Sweet Street, Tacoma, Washington ("Subject Property").  Plaintiffs subsequently defaulted on the loan and filed Chapter 13 Bankruptcy.  The plan was completed in February of 2011 at which time the loan was contractually due for payment on March 1, 2011.   After Plaintiffs' Chapter 13 plan was completed Plaintiffs again defaulted on their loan obligations.

Now Plaintiffs seek to challenge foreclosure proceedings based on boilerplate allegations that Defendant Ocwen Loan Servicing, LLC ("Ocwen"), among other things, violated the bankruptcy stay, Federal Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA").  All of Plaintiffs' claims fail because the entire complaint is devoid of any factual allegations that would support Plaintiffs' claims.   For instance, Plaintiffs have failed to allege any of the required elements for a breach of contract, conversion, or breach of fiduciary duty.

Moreover, Plaintiffs' FDCPA claim fails as a matter of law because it is well established that mortgage servicers are not "debt collectors" as defined in the statute and therefore the statue does not apply to Ocwen and Plaintiffs' fail to articulate any facts to support their conclusory allegations.   Plaintiffs' RESPA claim also fails because Plaintiffs' have not alleged any facts to support their blanket allegation that the Ocwen's acts were in violation of RESPA.

Because Plaintiffs' complaint fails to allege any facts to support their claims, Defendant's motion should be granted and Plaintiffs' claims dismissed with prejudice.

///

///

---

DEFENDANTS MOTION TO DISMISS  - 1
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com

II.     **STATEMENT OF FACTS**

On or about January 26, 2005, Plaintiffs obtained a mortgage loan from Argent Mortgage Company, LLC in the amount of $144,500 memorialized by a Note and secured by a Deed of Trust recorded against the Subject Property (the "Subject Loan"). [*See* Request for Judicial Notice "RJN", **Exhibit 1**]. Thereafter, Plaintiffs defaulted on the loan and filed Chapter 13 Bankruptcy. [Complaint ¶5]. Plaintiffs completed the plan and the Bankruptcy was discharged on February 2, 2011. [Complaint ¶8]. At the time of the discharge the Subject Loan was contractually due for a March 1, 2011 payment. [Complaint ¶9]. Shortly after the Plaintiffs' Chapter 13 Plan was completed and the Bankruptcy discharged Plaintiffs defaulted on their loan. Instead of curing the default, Plaintiffs have brought the present action.

III.    **ARGUMENT**

   A.   **Dismissal is Proper Under Rule 12(b)(6) Because Plaintiffs Have Failed to State a Claim Upon Which Relief Should be Granted Against Defendant Ocwen**

Dismissal is appropriate under Rule 12(b)(6) if the complaint, as here, fails to plead a cognizable legal theory or sufficient facts supporting a cognizable legal theory. *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544. A motion to dismiss pursuant to F.R.C.P. Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n* 720 F.2d 578, 581 (9th Cir. 1983). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* (2009) 129 S.Ct. 1937, 1949. For a claim to be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949, citing *Twombly* at 556. "'The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" *Twombly* at 555,

---

DEFENDANTS MOTION TO DISMISS - 2
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone: (562) 256-1675
Facsimile: (949) 679-1112
Email: rnorman@houser-law.com

1  *quoting* 5 Wright & Miller, *Federal Practice and Procedure* §1216, at 235-236 (3rd ed. 2004). 
2  "Where a complaint pleads facts that are 'merely consistent with a defendant's liability, it 
3  'stops short of the line between possibility and plausibility of entitle[ment] to relief.'" *Iqbal* at 
4  1947, *quoting Twombly* at 557; s*ee also Clegg v. Cult Awareness Network* 18 F.3d 752, 755 
5  (9th Cir. 1994) (holding that the court may disregard unsupported legal conclusions). **A** 
6  **complaint consisting of "labels and conclusions" and "formulaic recitations of the** 
7  **elements of a cause of action" is insufficient**. *Twombly* at 555.

8  As detailed herein, Plaintiffs' complaint contains nothing more than a few general 
9  factual statements and conclusory allegations of alleged violations of statutes and duties. 
10  Plaintiffs' complaint fails to meet the requisite standard of F.R.C.P. Rule 8(a), as interpreted by 
11  the U.S. Supreme Court.  Accordingly, the claims should be dismissed pursuant to F.R.C.P. 
12  Rule 12(b)(6), and the complaint against Ocwen should be dismissed with prejudice.

13  **B.     Plaintiffs' First Claim For Violation of the FDCPA (15 U.S.C. §§ 1692, *et***
14  ***seq.*) is Barred as a Matter of Law Because Defendant Is Not a "Debt**
15  **Collector" Within the Meaning of the Statute**

16  Plaintiffs' first claim fails as a matter of law because Ocwen is not a debt collector. 
17  Even if Ocwen was a debt collector, Plaintiffs have failed to allege any actions taken by Ocwen 
18  that violated of the FDCPA.

19  Ocwen is not subject to Plaintiffs' FDCPA claim because Ocwen is not a "debt 
20  collector" within the meaning of the statute.  To be liable under the provisions of the FDCPA, 
21  the defendant must be a "debt collector" as defined by the statute. *Rowe v. Educational Credit* 
22  *Management Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009).  "[A] 'creditor' is not a 'debt 
23  collector' under the FDCPA." *Id.*; see also 15 U.S.C. Section 1692a(6)(A).  "Mortgagees and 
24  their beneficiaries, including mortgage servicing companies, are not debt collectors subject to 
25  the FDCPA." *See Mansour v. Cal–Western Reconveyance Corp.,* 618 F.Supp.2d 1178, 1182

27  DEFENDANTS MOTION TO DISMISS  - 3
   No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com

1  (D.Ariz.2009) (citing *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.")); *accord Montgomery v. Huntington Bank,* 346 F.3d 693, 698 (6th Cir.2003). *Karl v. Quality Loan Serv. Corp.*, 759 F. Supp. 2d 1240, 1248 (D. Nev. 2010).

In this case, Plaintiffs' FDCPA claim against Ocwen fails under any reasonable interpretation because the **condition precedent** – i.e. that Ocwen is "debt collector" within the meaning of the statute – has not been met.   Ocwen cannot be held liable under the FDCPA because time and time again the courts have held that the creditor and servicer of a mortgage loan are not "debt collectors" as defined by the statute.  Moreover, Plaintiffs' claims regarding the foreclosure or threat of foreclosure are immaterial, as this is protected activity under the statute.  Dismissal of Plaintiffs' first claim with prejudice is proper.

Even assuming Ocwen is a "debt collector" Plaintiffs' claim fails because Plaintiffs' boilerplate allegation that "Defendants acts of collecting from Plaintiffs violates numerous provisions of the Fair Debt Collection Practices Act including, but not limited to 15 U.S.C. §1692d; 1692e; 1692e(2); 1692e(5); 1692e(8); 1692e(10); 1692e(12); 1692f(1); 1692f(5); and 1692f(6)" is not sufficient to state a claim against Ocwen.  Plaintiffs have failed to allege any acts taken by Ocwen in violation of the sections cited.  Conclusory allegations of law are not taken as true for purposes of a motion to dismiss. *Pareto v. Federal Deposit Ins. Corp.*, 139 F. 3d 696, 699 (9th Cir. 1998).  Plaintiffs' FDCPA claim fails to allege a claim against Ocwen and should be dismissed with prejudice.

### C. Plaintiffs' Second Claim Fails Because Plaintiffs Have Not Alleged a Viable Claim for Violation of the RESPA.

Plaintiffs' second claim for violations of RESPA fails because Plaintiffs have not

---

DEFENDANTS MOTION TO DISMISS  - 4
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com

alleged any facts to support a claim against Ocwen.  RESPA law is codified under 12U.S.C. § 2601 *et seq*.  RESPA is a federal regulatory scheme intended among other things to eliminate payment of unearned fees in connection with settlement services in federally regulated mortgage transactions. RESPA prohibits the acceptance of any portion of any charge for the rendering of real estate services other than for services actually performed. *United States v. Gannon*, 684 F.2d 433 (1982)  (*cert. denied* (1981) 454 U.S. 940); *Moreno v Summit Mortg. Corp.*, 364 F3d 574 (2004, CA5 Tex).

In alleging violation of RESPA Plaintiffs' do not articulate any supporting facts than those pled in a conclusory manner to further their claim, i.e. "Defendant's actions violated numerous provisions of RESPA including, but not limited to, 12 U.S.C. 2605(d); 2605(e)(1)(A); 2605(e)(2); and 2605(e)(3)."  There are no facts articulated to demonstrate how Plaintiffs came to these conclusions and what actions were taken in violation of each of these provisions of RESPA.  Plaintiffs' claim pursuant to RESPA is insufficiently alleged and should be dismissed with prejudice.

### D.     **Plaintiffs' Third Claim Fails As a matter of Law Because Ocwen has not Restrained Plaintiffs' Trade or Commerce**

Plaintiff's third claim fails as a matter of law because Plaintiffs have not and cannot allege that Ocwen has entered into any contract or took any action to restrain Plaintiffs' trade or commerce.   Plaintiffs' third cause of action is based on RCW 19.86.030 which states that "Every contract, combination, in the form of trust or otherwise, or conspiracy in restraint of trade or commerce is hereby declared unlawful."

It is well-settled that only those contracts that *unreasonably* restrain trade are prohibited under RCW 19.86.030. See *Standard Oil Co. of New Jersey v. U.S.,* 221 U.S. 1, (1911); see also *Travis v. Washington Horse Breeders Ass'n, Inc*. (1988) 111 Wash. 2d 396.  In *Chicago Board of Trade v. United States*, the U.S. Supreme Court noted that "the true test of legality

DEFENDANTS MOTION TO DISMISS  - 5
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com

1 [under the Sherman Act, after which Washington's Consumer Protection Act is modeled] is
2 whether the restraint imposed is such as merely regulates and perhaps thereby promotes
3 competition or whether it is such as may suppress or even destroy competition." *Board of*
4 *Trade of City of Chicago v. U.S.*, 246 U.S. 231, 238 (1918); see also Kunsch, 1A Washington
5 Practice: Methods of Practice § 46.33 (4th ed.).

6 Ocwen is the servicer of Plaintiffs' mortgage loan.  There is no factual scenario that
7 would result in Ocwen restraining Plaintiffs' trade.   Actions under RCW 19.86.030 are more
8 akin to disputes over non-compete clauses that would restrain a party from competing with the
9 other party. RCW 19.86.030 has nothing to do with the servicing of Plaintiffs' mortgage loan.
10 Ocwen's motion to dismiss should be granted and Plaintiffs' third claim dismissed with
11 prejudice.

12 **E.**     **Ocwen Did Not Take Any Action During the Bankruptcy in Violation of the**
13          **Plaintiffs' Automatic Stay**

14 Plaintiffs' claim for violation of stay fails because Plaintiffs have not alleged any facts
15 that Ocwen violated the stay.  Plaintiffs base their claim on 11 U.S.C 362(a)(3) which states:
16 (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302,
17 or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor
18 Protection Act of 1970, operates as a stay, applicable to all entities, of-- …(3) any act to obtain
19 possession of property of the estate or of property from the estate or to exercise control over
20 property of the estate…;"

21 Plaintiffs' complaint is devoid of any factual allegations that Ocwen took any actions to
22 obtain possession of the property while the bankruptcy was pending.   The Plaintiffs' chapter
23 13 plan was completed in February 2011.  Once the plan was completed and the bankruptcy
24 closed, Ocwen had the right to service the loan accordingly.   All actions alleged by Plaintiffs
25 are actions that were taken after the bankruptcy was closed and were therefore not in violation

26
27 DEFENDANTS MOTION TO DISMISS  - 6
   No. 3:12-CV-05374-BHS
28

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com

of the stay. Ocwen's motion to dismiss should be granted and Plaintiffs' fourth claim dismissed with prejudice.

**F.    Plaintiffs' Have Failed to Plead Any Facts that Would Give Rise to a Claim of Conversion**

Plaintiffs' fifth claim for conversion fails because Plaintiffs have not alleged the necessary requirements to maintain a claim for conversion. Conversion is " 'the act of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it.' " *Consulting Overseas Mgmt., Ltd. v. Shtikel* (2001) 105 Wash.App. 80, 83 (quoting *Wash. State Bank v. Medalia Healthcare, LLC (1996)* 96 Wash.App. 547, 554.); *Davenport v. Wash. Educ. Ass'n* (2008) 147 Wash.App. 704, 722. The essential elements of pleading a conversion cause of action under Washington law are: (1) The defendant willfully interfered with a chattel; (2) The defendant acted without lawful justification; (3) The plaintiff was entitled to possession of the chattel; and (4) The plaintiff was deprived of such possession. 29 Wash. Prac., Wash. Elements of an Action § 8:1 (2011-2012 ed.)

Plaintiff entered into a Promissory Note in the amount of $144,500 and a Deed of Trust securing payment of the note. Ocwen is the current servicer of the mortgage and Plaintiffs are contractually obligated to pay the amounts due and owing under the note. There are no facts alleged that Ocwen has willfully interfered without lawful justification with Plaintiffs' property. Pursuant to the deed of trust and promissory note, upon Plaintiffs' default, Ocwen has a right to foreclose.

**G.    Plaintiffs' Breach of Contract Claim Fails as there is No Contract Between Plaintiffs and Ocwen**

Plaintiffs have failed to set forth the required elements for a breach of contract claim against Ocwen. A cause of action for damages for breach of contract is comprised of the

DEFENDANTS MOTION TO DISMISS - 7
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone: (562) 256-1675
Facsimile: (949) 679-1112
Email: rnorman@houser-law.com

1  following elements: "1. That the plaintiff and defendant made a valid contract; 2. That the
2  contract was breached by defendant; 3. That plaintiff performed; and 4. That plaintiff suffered
3  damages as a consequence." 29 Wash. Prac., Wash. Elements of an Action § 7:1 (2011-2012
4  ed.)

5        Plaintiffs have not alleged the existence of a contract or any terms of the alleged
6  contract.  Nor have Plaintiffs alleged that that they performed or were excused from
7  performance under the contract.  A blanket allegation that Ocwen's acts constitute a breach of
8  contract without pleading the essential elements of the contract is insufficient to maintain a
9  claim for breach of contract.  Accordingly, Ocwen's Motion to Dismiss should be granted and
10 Plaintiffs' sixth claim be dismissed with prejudice.

11     **H.**    **Plaintiffs' Seventh Claim Is Devoid of Any Facts to Support a Claim of**
12           **Contempt**

13       Plaintiffs' seventh claim for contempt fails because it does not allege a single fact to
14 support the claim.  Plaintiffs simply allege that the Ocwen's actions constitute contempt of the
15 Order confirming Plan entered in Plaintiffs' chapter 13.  There are no allegations to what the
16 actions were that were in direct violation of the plan, therefore, the claim for contempt should
17 be dismissed with prejudice.

18     **I.**    **Plaintiffs' Eight Claim For Declaratory Relief Under Fed. R. Bankr. Pro.**
19           **3012 Is Improper**

20       Plaintiff's request to establish the amount of the lien is improper because such a request
21 should be brought by a noticed motion in the bankruptcy court.   Fed. R. Bankr. Pro. 3012
22 states that "The court may determine the value of a claim secured by a lien on property in
23 which the estate has an interest on motion of any party in interest and after a hearing on notice
24 to the holder of the secured claim and any other entity as the court may direct."   Therefore,
25 Plaintiffs' request for declaratory relief establishing the lien is not proper and the claim should

26

27 DEFENDANTS MOTION TO DISMISS  - 8    ROBERT W. NORMAN, JR. (SBN 37094)
   No. 3:12-CV-05374-BHS                HOUSER & ALLISON
28                                      A Professional Corporation
                                        3780 Kilroy Airport Way, Suite 130
                                        Long Beach, California 90806
                                        Telephone:  (562) 256-1675
                                        Facsimile:  (949) 679-1112
                                        Email:  rnorman@houser-law.com

1  be dismissed with prejudice.

2  **J.     Plaintiffs' Ninth Claim for Breach of Fiduciary Duty fails Because Ocwen**
3  **Does not owe a Fiduciary Duty to Plaintiffs**

4  Plaintiff's ninth claim for breach of fiduciary of duty fails because there is no fiduciary relationship between Plaintiffs and Ocwen. The essential elements to pleading a breach of fiduciary duty cause of action under Washington law are: 1. That a fiduciary relationship existed which gave rise to a duty of care on the part of the defendant to the plaintiff; 2. That there was an act or omission by the fiduciary in breach of the standard of care; 3. That plaintiff sustained damages; and 4. That the damages were proximately caused by the fiduciary's breach of the standard of care. 29 Wash. Prac., Wash. Elements of an Action § 12:1 (2011-2012 ed.).

Plaintiffs' Complaint is devoid of any facts giving rise to a fiduciary relationship between Plaintiffs and Ocwen because there is no fiduciary relationship between Plaintiffs and Ocwen.  "The general rule in Washington is that a lender is not a fiduciary of its borrower; a special relationship must develop between a lender and a borrower before a fiduciary duty exists. *Tokarz v. Frontier Fed. Sav. & Loan Ass'n,* 33 Wash.App. 456, 656 P.2d 1089 (1982); *Liebergesell v. Evans,* 93 Wash.2d 881, 889-91, 613 P.2d 1170 (1980); *Hutson v. Wenatchee Federal Sav. & Loan Ass'n,* 22 Wash.App. 91, 588 P.2d 1192 (1978), *review den'd,* 92 Wash.2d 1002 (1979)." *Miller v. U.S. Bank of Washington, N.A.* (1994) 72 Wash. App. 416, 426-27.

Accordingly, Plaintiffs' breach of fiduciary duty claim fails and should be dismissed with prejudice.

21  ///
22  ///
23  ///

DEFENDANTS MOTION TO DISMISS - 9
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone: (562) 256-1675
Facsimile: (949) 679-1112
Email: rnorman@houser-law.com

## IV. CONCLUSION

For the reasons set forth above, all of Plaintiffs' claims should be dismissed with prejudice.

Dated  July 11, 2012

**HOUSER & ALLISON**
A Professional Corporation

/s/ Robert W. Norman
Robert W. Norman, Jr.
Attorneys for Defendant,
Ocwen Loan Servicing, LLC

---

DEFENDANTS MOTION TO DISMISS  - 10
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com

# DECLARATION OF SERVICE

The undersigned declares as follows:

On July 11, 2012, I served the foregoing document on the following individual(s) by U.S. Mail, Postage Prepaid:

Keith D. Karnes
OlsenDaines, O.C.
3995 Hagers Grove Rd, SE
Salem, OR 97309-1375
Tel.: 503-274-4252
*Attorneys for the Plaintiffs*

                /s/ Richard Mendizábal
                Richard Mendizábal

---

DEFENDANTS MOTION TO DISMISS - 11
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone: (562) 256-1675
Facsimile: (949) 679-1112
Email: rnorman@houser-law.com