**Keith D. Karnes**, WSBA # 35000    Hon. Benjamin H. Settle
kkarnes@keithkarnes.com
Karnes Law Offices, PC
1860 Hawthorne Ave. Ste. 10
Salem, OR 97301
Telephone (503) 385-8880
Fax (503) 385-8899

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID LEWIS OLIVER and BARBARA ELLEN OLIVER, <br><br> Plaintiffs, <br><br> v. <br><br> OCWEN LOAN SERVICING, LLC, <br><br> Defendant. | Case No.: 3:12-cv-05374-BHS <br><br> RESPONSE TO DEFENDANT'S MOTION TO DISMISS |

BACKGROUND

Plaintiffs financed their home in January 2005 through Homeq. Complaint ¶ 3. The loan servicing was transferred to the defendant on or about November 22, 2006. Complaint ¶ 5. At the time the defendant began servicing the plaintiffs' loan the mortgage was in default. Complaint ¶5-6.

Due to the fact that the plaintiffs were unable to make all of their payments due on their mortgage they filed for Chapter 13 Bankruptcy protection on or about November 22, 2006.

1 – RESPONSE TO DEFENDANT'S MOTION TO DISMISS

The plaintiffs completed their plan which paid the defendant all of its payments that came due after the bankruptcy was filed, but also paid all arrears that were due prior to the filing of the case. Despite the fact that the plaintiffs cured all missed payments to the defendant, immediately following plaintiffs' bankruptcy discharge, defendant alleged that plaintiffs were delinquent on their mortgage payments.

Defendant's allegations came despite the fact that Plaintiffs were current on their payments. Defendant went so far as to commence a foreclosure on Plaintiffs' home. Plaintiffs repeatedly informed defendant they were current on their home payments. Defendant refused to account for the money it received and continued to move toward foreclosure on Plaintiffs' home.

## STANDARD

Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." Id. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

A Plaintiff need not plead a prima facie case in her complaint pursuant to Fed. R. Civ. Pro. 8(a)(2). Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002). A prima facie case is a standard of proof, not a pleading standard. Id. at 510. The standard for pleading is Fed. R. Civ. Pro. 8.

> This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court.
>
> Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts. Id. at 512-513 (internal citations omitted).

If a court dismisses a claim the court should grant leave to amend unless the court determines the allegation of other facts consistent with the operative pleading could not possibly cure the deficiency. Schreiber Distrib. Co. v. Serv-Well Furn. Co., 806 F.2d 1393, 1401 (9th Cir.1986). See also Reddy v. Litton Indus., 912 F.2d 291 (9th Cir. 1990), cert. denied, 502 U.S. 921(1991).

## ARGUMENT

I.   OCWEN IS A DEBT COLLECTOR FOR PURPOSES OF THE FDCPA.

The FDCPA defines the term "debt collector" as: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). Ocwen fits this definition because it collects debts, including plaintiffs', that were alleged to be in default when it began to collect them.

Courts have repeatedly held that a loan servicer which begins to service a loan when it is alleged to be in default is also a debt collector for purposes of the FDCPA. E.g., Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 539 (7th Cir. 2003). The FDCPA "treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not." Id at 536, citing Bailey v. Security Nat'l Servicing Corp., 154

3 – RESPONSE TO DEFENDANT'S MOTION TO DISMISS

F.3d 384, 387 (7th Cir.1998); Whitaker v. Ameritech Corp., 129 F.3d 952, 958 (7th Cir.1997); Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403-04 (3d Cir.2000); Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 106-07 (6th Cir.1996); and Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.1985).

Here, plaintiff clearly alleges that Ocwen acquired the servicing rights of the loan when the debt was in default. Complaint ¶ 5-6. Because Ocwen began to collect when the loan was in default, it is a debt collector.

### B.   OCWEN VIOLATED SEVERAL PROVISIONS OF THE FDCPA

Ocwen has violated many provisions of the FDCPA by failing to credit payments when they were received, foreclosing when the plaintiffs were current on their loan, and assessing late fees and foreclosure costs when the plaintiffs were not delinquent.

Whether conduct violates §§ 1692e or 1692f requires an objective analysis that takes into account whether "the least sophisticated debtor would likely be misled by a communication." See Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934 (9th Cir.2007); see also Hartman v. Meridian Financial Services, Inc., 191 F.Supp.2d 1031, 1047 (W.D. Wis., 2002) (applying "unsophisticated consumer" standard to FDCPA claim against mortgage servicer.)

The FDCPA prohibits, inter alia, "false, deceptive or misleading representations." 15 U.S.C. § 1692e. Here, the least sophisticated consumer would likely be misled by the fact that plaintiffs were current yet, defendant claimed the plaintiffs were delinquent and the defendant had the right to commence a foreclosure of the plaintiffs' property.

The FDCPA also forbids falsely representing the character, amount or status of the legal status of the debt. §1692e(2). A mortgage servicer which attempts to collect amounts a borrower does not owe violates the FDCPA. In re Maxwell, 281 B.R. 101 (Bankr.D. Mass.

4 – RESPONSE TO DEFENDANT'S MOTION TO DISMISS

2002); In re Hart, 246 B.R. 709 (Bankr.D. Mass. 2000); Scott v. Fairbanks Capital Corp., 284 F. Supp. 2d 880 (S.D. Ohio 2003).  By attempting to collect late fees that the plaintiffs did not owe, defendant violated §1692e(2).

    C.  DEFENDANT VIOLATED THE REAL ESTATE SETTLEMENT PROCEDURES ACT.

    Defendant correctly states that RESPA forbids certain settlement fees.  Motion to dismiss p. 5.  However, that is not the only violation of RESPA.  RESPA also imposes a, "Duty of loan servicer to respond to borrower inquiries." 12 U.S.C. § 2605.  The plaintiffs have stated "Plaintiffs repeatedly informed Defendants they were current on their home payments."  Plaintiffs further alleged, "Defendant refused to account for the money it received and continued to move toward foreclosure on Plaintiffs' home."  Complaint ¶ 13-14.  This communication was in writing and qualifies as a Qualified Written Request as defined by RESPA. While the complaint does not state this was done in writing, this is a simple omission that can be cured as the case moves forward.  To the extent the Court requires this allegation to be in the complaint, the plaintiffs are able to amend their complaint within 14 days of the Court's order on the defendant's motion.

    D.  PLAINTIFFS DID NOT REQUEST THAT THE COURT HEAR THE CLAIMS FOR VIOLATION OF THE AUTOMATIC STAY OR CONTEMPT.

    This matter arose from an adversary proceeding filed before Judge Snyder of the United States Bankruptcy Court.  Judge Snyder continues to have jurisdiction over the bankruptcy claims.  The plaintiffs did not request that this Court withdraw the reference of the plaintiffs' claims regarding the automatic stay or contempt.

### E. PLAINTIFFS HAVE PLEAD A CLAIM FOR CONVERSION

Defendant converted the plaintiffs' money when it accepted payments from the bankruptcy trustee, but failed to apply it to the plaintiffs' loan.  The only option is that defendant kept the money for its own benefit and therefore converted the plaintiffs' money.

### F. THE DEFENDANT HAS BREACHED THE CONTRACT WITH PLAINTIFFS.

Defendant is in privity of contract with the plaintiffs.  The alternative is the defendant is enforcing the right to receive payments and the right to foreclose, both rights contained within the loan agreement, without any right to do so.  The only logical conclusion is that the defendant is in privity of contract with the plaintiffs and therefore is subject to this action.

### G. THE CLAIM FOR RELIEF UNDER FRBP 3012 IS PROPER.

FRBP allows a Court to determine the amount of a claim.  Here, the plaintiffs have clearly alleged that the defendant is attempting to collect amounts in excess of its right to collect.  Therefore, the Court should allow the plaintiffs to bring this action to determine the propriety of the defendant's charges.  While this is typically litigated in the Bankruptcy Court, the defendant moved to dismiss from that Court for lack of jurisdiction and therefore this Court will need to make these determinations.

### H. THE PLAINTIFFS CONCEDE THAT DEFENDANT IS NOT IN A FIDUCIARY CAPACITY WITH THE PLAINTIFFS.

The plaintiffs concede that the plaintiffs and defendant are not in a fiduciary capacity.  However, when the defendant instructed another party to foreclose in violation of its fiduciary duties it aided and abetted the violation of the trustee's fiduciary duties and therefore is liable for those violations.

Wherefore, plaintiffs request that the Court deny the defendant's motion.

DATED July 30, 2012.

        /s/ Keith D. Karnes
        Keith D. Karnes, WSBA # 35000
        Attorney for plaintiffs

7 – RESPONSE TO DEFENDANT'S MOTION TO DISMISS

CERTIFICATE OF SERVICE

I, Keith Karnes, certify that I filed the foregoing document via ecf which will in turn serve:

Robert W. Norman     rnorman@houser-law.com

DATED July 30, 2012.

/s/ Keith D. Karnes
Keith D. Karnes, WSBA # 35000
Attorney for plaintiffs

8 – RESPONSE TO DEFENDANT'S MOTION TO DISMISS