Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID LEWIS OLIVER AND BARBARA ELLEN OLIVER,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC;<br><br>Defendant. | Case No. 3:12-cv-05374-BHS<br><br>**DEFENDANT OCWEN LOAN SERVICING, LLC'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>**NOTE ON MOTION CALENDAR**: **AUGUST 3, 2012** |

COMES NOW Defendant Ocwen Loan Servicing, LLC, ("Ocwen") and replies to Plaintiffs David Lewis Oliver and Barbara Ellen Oliver's (the "Plaintiffs") Response to Motion to Dismiss as follows:

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Plaintiffs' opposition, like their complaint, is nothing more than conclusory

---

REPLY TO OPPOSITION TO MOTION TO DISMISS - 1
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone: (562) 256-1675
Facsimile: (949) 679-1112
Email: rnorman@houser-law.com

arguments which do not cure the patent defects of each of the claims asserted against Ocwen.

Moreover, Plaintiffs concede that they cannot allege the required elements to maintain the fourth and ninth claims and do not even address the arguments to the third and seventh claims. For the reasons set forth herein and in the moving papers, Ocwen's Motion to Dismiss should be granted and Plaintiffs' complaint dismissed with prejudice.

## II.     LAW AND ARGUMENT

### A.     Ocwen is Not a "Debt Collector".

Plaintiffs argue that because the debt was in default when the loan was service transferred to Ocwen in November of 2006, Ocwen is a debt collector citing *Schlosser v. Fairbanks Capital Corporation*. *Schlosser v. Fairbanks Capital Corporation*, 323 F.3d 534 (7th Cir. 2003).   Plaintiffs' argument fails because Ocwen acquired the debt to service the mortgage loan and has been doing so since 2006.

As a preliminary matter, Plaintiffs' opposition states that paragraphs 5 and 6 allege that the loan was in default when the Ocwen began servicing the loan. All Paragraph 5 alleges is that "Plaintiffs were unable to make all of their payments due to the lien holder." It does not actually allege that the loan was in default.

*Schlegel v. Wells Fargo Bank, N.A*, declined to follow *Schlosser v. Fairbanks Capital Corporation*, stating that "the Act [FDCPA] is aimed at debt collectors who might have 'no future contact with the consumer and often are unconcerned with the consumer's opinion of them.' 'Where there is an ongoing relationship, creditors arguably have an incentive to treat debtors with honesty

---

REPLY TO OPPOSITION TO MOTION TO DISMISS - 2
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com

and respect.' " *Schlegel v. Wells Fargo Bank, N.A.*, 799 F. Supp.2d 1100 (N.D. of Ca. 2011).

As in *Schlegel*, here there is an ongoing relationship, as evidenced by the allegations that Ocwen has been servicing Plaintiffs' loan since 2006. Plaintiffs admit that Ocwen has been servicing the loan since 2006. [Complaint ¶ 6]. Plaintiffs' also admit that when their Chapter 13 Plan was completed on February 2, 2011, Plaintiffs' loan was current. [Complaint ¶ 9]. The claims asserted by Plaintiffs are all based on actions taken after Plaintiffs' Chapter 13 plan was completed and the loan was current. [Complaint ¶ 9-14]. Plaintiffs do not allege that Ocwen acquired their defaulted debt "solely for the purpose of facilitating the collection of debt for another" therefore, Plaintiffs fail to plead that Ocwen is a debt collector.

Even assuming Ocwen is a "debt collector", Plaintiffs' opposition does not cure the defect that Plaintiffs' boilerplate allegation that "Defendants acts of collecting from Plaintiffs violates numerous provisions of the Fair Debt Collection Practices Act including, but not limited to 15 U.S.C. §1692d; 1692e; 1692e(2); 1692e(5); 1692e(8); 1692e(10); 1692e(12); 1692f(1); 1692f(5); and 1692f(6)" is not sufficient to state a claim against Ocwen. Plaintiffs have failed to allege any acts taken by Ocwen in violation of the sections cited. Conclusory allegations of law are not taken as true for purposes of a motion to dismiss. *Pareto v. Federal Deposit Ins. Corp.*, 139 F. 3d 696, 699 (9th Cir. 1998). Plaintiffs' FDCPA claim fails to allege a claim against Ocwen and should be dismissed with prejudice.

REPLY TO OPPOSITION TO MOTION TO DISMISS - 3
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com

### B. Plaintiffs' Second Claim Fails Because Plaintiffs Have Not Alleged a Viable Claim for Violation of RESPA.

Plaintiffs' opposition does not address the fact that Plaintiffs' complaint does not articulate any supporting facts other than those pled in a conclusory manner to further their claim, i.e. "Defendant's actions violated numerous provisions of RESPA including, but not limited to, 12 U.S.C. 2605(d); 2605(e)(1)(A); 2605(e)(2); and 2605(e)(3)."  There are no facts articulated to demonstrate how Plaintiffs came to these conclusions and what actions were taken in violation of each of these provisions of RESPA.  Plaintiffs' claim pursuant to RESPA is insufficiently alleged and should be dismissed with prejudice.

### C. Plaintiffs' Opposition Does not Address the Deficiencies in Their Claim for Violation of Washington Consumer Protection Act

Plaintiffs' opposition does not address the arguments relating to the claim for Violation of Washington Consumer Protection Act based on RCW 19.86.030 which states that "Every contract, combination, in the form of trust or otherwise, or conspiracy in restraint of trade or commerce is hereby declared unlawful."

As set forth more fully in the moving papers, Ocwen is the servicer of Plaintiffs' mortgage loan.  There is no factual scenario that would result in Ocwen restraining Plaintiffs' trade.  Therefore, Plaintiffs' third claim should be dismissed with prejudice.

### D. Plaintiffs Concede that the Claim for Violation of the Automatic Stay is not Proper

Plaintiffs' opposition concedes that the Violation of Automatic Stay is only proper in the Bankruptcy Court.  Therefore, the fourth claim should be dismissed

---

REPLY TO OPPOSITION TO MOTION TO DISMISS - 4
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone: (562) 256-1675
Facsimile: (949) 679-1112
Email: rnorman@houser-law.com

1 with prejudice.

2 If the Court is inclined to review Plaintiffs' fourth claim, the claim still fails because, as set forth more fully in the moving papers, Plaintiffs have not alleged any facts that Ocwen violated the stay.

### E. **Plaintiffs' Fifth Claim for Conversion Still Fails to Allege Any Facts that Would Give Rise to a Claim of Conversion**

Plaintiffs' two sentences in opposition to Ocwen's Motion to Dismiss the claim for conversion fails to address the fact that Plaintiffs' have failed to allege any of the necessary elements of a claim for conversion.

The essential elements of a conversion cause of action are: (1) The defendant willfully interfered with a chattel; (2) The defendant acted without lawful justification; (3) The plaintiff was entitled to possession of the chattel; and (4) The plaintiff was deprived of such possession. 29 Wash. Prac., Wash. Elements of an Action § 8:1 (2011-2012 ed.).  None of these elements are alleged in the complaint.   Therefore, the claim for conversion should be dismissed with prejudice.

### F. **Plaintiffs' Claim for Breach of Contract Still Fails**

Plaintiffs' argument that "the only logical conclusion is that defendant is in privity of a contract with Plaintiffs and therefore is subject to this action" does not change the fact that Plaintiffs' complaint fails to set forth the required elements for a breach of contract claim against Ocwen.

A cause of action for damages for breach of contract is comprised of the following elements: "1. That the plaintiff and defendant made a valid contract; 2. That the contract was breached by defendant; 3. That plaintiff performed; and 4. That plaintiff suffered damages as a consequence." 29 Wash. Prac., Wash.

---

REPLY TO OPPOSITION TO MOTION TO DISMISS - 5
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com

Elements of an Action § 7:1 (2011-2012 ed.).

None of the elements are alleged in Plaintiffs' complaint. Plaintiffs have not alleged the existence of a contract or any terms of the alleged contract. Nor have Plaintiffs alleged that that they performed or were excused from performance under the contract. A blanket allegation that Ocwen's acts constitute a breach of contract without pleading the essential elements of the contract is insufficient to maintain a claim for breach of contract. Accordingly, Plaintiffs' sixth claim be dismissed with prejudice.

### G. Plaintiffs' Opposition Does not Address the Deficiencies in Their Claim For Contempt

Plaintiffs' opposition does not address the argument that Plaintiffs' seventh claim for contempt fails because it does not allege a single fact to support the claim. There are no allegations to what the actions were that were in direct violation of the plan, therefore, the claim for contempt should be dismissed with prejudice.

### H. Plaintiffs' Eighth Claim For Declaratory Relief Under Fed. R. Bankr. Pro. 3012 Is Improper

Plaintiffs concede in their opposition that the court that has jurisdiction to here a claim under Fed. R. Bank. Pro 3012 is the Bankruptcy Court. Therefore, it is improper in this action. Moreover, pursuant to Fed. R. Bankr. Pro. 3012 the proper procedure to have the Court determine the amount of a lien is by noticed motion. Therefore, Plaintiffs' request for declaratory relief establishing the lien is not proper and the claim should be dismissed with prejudice.

REPLY TO OPPOSITION TO MOTION TO DISMISS - 6
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone: (562) 256-1675
Facsimile: (949) 679-1112
Email: rnorman@houser-law.com

I. **<u>Plaintiffs Concede that Ocwen does not Owe Plaintiffs a Fiduciary Duty</u>**

Plaintiffs concede that they do not have a fiduciary relationship with Ocwen, therefore, Plaintiffs cannot allege the essential elements of fiduciary duty cause of action. Plaintiffs' argument that "when defendant instructed another party to foreclose in violation of its fiduciary duties it aided and abetted the violation of the trustee's fiduciary duties and therefore is liable for those violations" is nonsensical and without merit. The truth of the matter is there was no fiduciary relationship between Ocwen and Plaintiff. Accordingly, Plaintiffs' breach of fiduciary duty claim fails and should be dismissed with prejudice.

III. **CONCLUSION**

For the above-stated reasons as well as those set forth in the moving papers, Defendant Ocwen respectfully request the Court to grant the Motion to Dismiss.

Dated  August 2, 2012                    **HOUSER & ALLISON**
                                         A Professional Corporation

                                         /s/ Robert W. Norman
                                         Robert W. Norman, Jr.
                                         Attorneys for Defendant,
                                         Ocwen Loan Servicing, LLC

---

REPLY TO OPPOSITION TO MOTION TO DISMISS - 7
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com

# DECLARATION OF SERVICE

The undersigned declares as follows:

On August 2, 2012, I served the foregoing document on the following individual(s) through the CM/ECF System to the e-mail addresses listed below or by U.S. Mail, Postage Prepaid:

Keith D. Karnes
Karnes Law Offices, OC
1860 Hawthorne Ave, Ste. 10
Salem, Oregon  97301
Tel.:    503-385-8880
Fax:    503-385-8899
kkarnes@keithkarnes.com
*Attorneys for the Plaintiffs*

                                              /s/ Richard Mendizábal
                                              Richard Mendizábal

REPLY TO OPPOSITION TO MOTION TO DISMISS - 8
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com