1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID LEWIS OLIVER and
BARBARA ELLEN OLIVER,

               Plaintiffs,

      v.

OCWEN LOAN SERVICES, LLC,

             Defendant.

CASE NO. C12-5374 BHS

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS AND PLAINTIFFS'
LEAVE TO AMEND

This matter comes before the Court on Defendant Ocwen Loan Services, LLC's

("Ocwen") motion to dismiss (Dkt. 9). The Court has considered the pleadings filed in

support of and in opposition to the motion and the remainder of the file and hereby grants

the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On January 25, 2012, Plaintiffs David and Barbara Oliver ("Olivers") financed

their home and signed a deed of trust in the amount of $144,500 with lender Argent

Mortgage Company, LLC.  Dkt. 10, Exh. 1.  On November 26, 2012, the Olivers filed a

Chapter 13 bankruptcy action.  Dkt. 6–1, at 5–11 ("Complaint"), ¶ 5.  The Olivers allege that HomEq Servicing Corporation transferred the claim under the deed of trust to Ocwen.  *Id.* ¶ 6.  During the bankruptcy proceeding, the Olivers made payments to the bankruptcy trustee ("Trustee"), who transferred the payments to Ocwen.  *Id.* ¶ 7.  On February 2, 2011, the Olivers were discharged from bankruptcy.  *Id.* ¶ 8.

The Olivers allege that Ocwen failed to credit payments made on the loan by the Trustee, and that, immediately following discharge, Ocwen claimed that the Olivers were delinquent on the loan.  *Id.* ¶¶ 10–11.  Ocwen then commenced a foreclosure proceeding on the Olivers' home.  *Id.* ¶ 12.

On June 30, 2011, the Olivers filed the instant adversarial proceeding asserting nine causes of action: (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); (2) violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"); (3) violations of the Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA"); (4) violation of the automatic stay under 11 U.S.C. § 362; (5) conversion; (6) breach of contract; (7) contempt; (8) declaratory relief; and (9) breach of fiduciary duty.  Complaint, ¶¶ 16–39.

On February 2, 2012, the bankruptcy court scheduled trial for April 12, 2012.  Dkt. 1–1 at 3.  Two days before trial, the Olivers filed a motion to withdraw the reference to the bankruptcy court and try the majority of their claims in this Court.  *Id.* at 4.  On June 5, 2012, the Court granted the motion to withdraw the reference.  Dkt. 3.

On July 11, 2012, Ocwen filed a motion to dismiss.  Dkt. 9.  On July 30, 2012, the Olivers responded.  Dkt. 11.  On August 2, 2012, Ocwen replied.  Dkt. 12.

## II. DISCUSSION

1

2      As a threshold matter, the Olivers have conceded one issue Ocwen raised and have

3   failed to respond to other issues.  If a party fails to respond to a portion of a motion, the

4   Court may consider such failure as an admission that the motion has merit.  Local Rule

5   CR 7(b)(2).  In its motion, Ocwen moved to dismiss all of the Olivers' claims with

6   prejudice.  Dkt. 9 at 12.  The Olivers failed to respond on their CPA claim, which the

7   Court considers an admission that Ocwen's motion has merit.  Moreover, the Olivers fail

8   to allege sufficient facts to support a CPA claim or show that the claim could be saved by

9   any amendment.  Therefore, the Court grants Ocwen's motion on this claim and

10   dismisses the Olivers' CPA claim with prejudice.

11      With regard to the Olivers' claims for violation of the automatic stay and

12   contempt, the Olivers argue that these claims were not removed to this Court.  Dkt. 11 at

13   5.  The Court agrees.  *See* Dkt. 1–1 at 5 (motion to withdraw reference).  While it is

14   unclear whether the bankruptcy court has concurrent jurisdiction over these claims, at

15   most the claims should be rereferred to the bankruptcy court and not dismissed with

16   prejudice.  Therefore, the Court denies Ocwen's motion on these claims.

17      With regard to the Olivers' concession, the Olivers state that they do not have a

18   direct fiduciary relationship with Ocwen, but that Ocwen is aiding and abetting in another

19   party's breach of a fiduciary duty to the Olivers.  There is no claim before the Court for

20   aiding and abetting, and such a claim would be wholly independent from a stand-alone

21   claim for breach of fiduciary duty between Ocwen and the Olivers.  Therefore, the Court

22   grants Ocwen's motion on this claim and dismissed the Olivers' claim with prejudice.

1    The Court now turns to the disputed claims.

2    **A.    Standard**

3    Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

4    Procedure may be based on either the lack of a cognizable legal theory or the absence of

5    sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*,

6    901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the

7    complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301

8    (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed

9    factual allegations but must provide the grounds for entitlement to relief and not merely a

10   "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v.*

11   *Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a

12   claim to relief that is plausible on its face." *Id.* at 1974.

13   In the event the court finds that dismissal is warranted, the court should grant the

14   plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v.*

15   *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

16   **B.    FDCPA**

17   On this claim, the parties' initial dispute is whether Ocwen is a debt collector

18   under the FDCPA.  The Olivers, however, have failed to allege facts that, if true, would

19   show that Ocwen was a debt collector.  For example, the Olivers have failed to allege that

20   Ocwen's principal purpose is the collection of debts or that Ocwen was assigned the

21   Olivers' debt for the purpose of facilitating its collection for another. *See* 15 U.S.C. §

22   1692a(6).  Therefore, the Court dismisses the Olivers' FDCPA claim without prejudice

and with leave to amend because the Court is unable to find that any amendment would be futile.

**C.      RESPA**

Under RESPA, a loan servicer has an obligation to respond to borrowers' inquires. An appropriate inquiry is termed a "qualified written request" and shall be a written correspondence that:

> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

In this case, the Olivers have failed to allege facts sufficient to show that they sent any correspondence that meets the requirements of a qualified written request. Therefore, the Court dismisses the Olivers' RESPA claim without prejudice and with leave to amend because the Court is unable to find that any amendment would be futile.

**D.      Conversion**

In Washington, conversion is "'the act of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it.'" *Consulting Overseas Mgmt., Ltd. v. Shtikel*, 105 Wn.App. 80, 83 (2001) (quoting *Wash. State Bank v. Medalia Healthcare, LLC*, 96 Wn.App. 547, 554 (1999)).

In this case, Ocwen did not obtain the Olivers' money without lawful justification. The Olivers allege that they sent money to Ocwen, via the Trustee, and Ocwen did not

1   credit the payments toward the Olivers' loan.  These allegations may support other causes

2   of action, but they do not state a cognizable claim for the unlawful interference with the

3   Olivers' chattel.  Therefore, the Court grants Ocwen's motion on this issue and dismisses

4   the Olivers' conversion claim with prejudice.

5 **E.**    **Breach of Contract**

6      To prevail on a contract claim, the plaintiffs must show an agreement between the

7   parties, a party's duty under the agreement, and a breach of that duty.  *Lehrer v. Dept. of*

8   *Social & Health Servs.*, 101 Wn.App. 509, 516 (2000).

9      In this case, the Olivers have failed to allege an agreement between the parties.

10   Therefore, the Court dismisses the Olivers' breach of contract claim without prejudice

11   and with leave to amend because the Court is unable to find that any amendment would

12   be futile.

13 **F.**    **Declaratory Relief**

14      The court may determine the value of a claim secured by a lien on property in

15   which the estate has an interest on motion of any party in interest and after a hearing on

16   notice to the holder of the secured claim and any other entity as the court may direct.

17   Fed. R. Bank. P. 3012.

18      In this case, the Olivers "seek declaratory relief establishing the amount of

19   Defendant's lien."  Complaint, ¶ 36.  The determination of the value of a claim shall be

20   by motion.  Moreover, it is unclear whether this Court or the bankruptcy court should

21   make such a determination.  Therefore, the Court grants Ocwen's motion on this issue

22   and dismisses the Olivers' declaratory relief claim with prejudice.

**III. ORDER**

Therefore, it is hereby **ORDERED** that Ocwen's motion to dismiss (Dkt. 9) is **GRANTED** as stated herein.  The Olivers shall file an amended complaint consistent with this opinion no later than November 9, 2012.

Dated this 22nd day of October, 2012.

BENJAMIN H. SETTLE
United States District Judge