**Keith D. Karnes**, WSBA # 35000                    Hon. Benjamin H. Settle
kkarnes@keithkarnes.com
Karnes Law Offices, PC
1860 Hawthorne Ave. Ste. 10
Salem, OR 97301
Telephone (503) 385-8880
Fax (503) 385-8899

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID LEWIS OLIVER and BARBARA ELLEN OLIVER,<br><br>       Plaintiffs,<br><br>       v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>       Defendant. | Case No.: 3:12-cv-05374-BHS<br><br>FIRST AMENDED COMPLAINT<br><br>JURY DEMANDED |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1334; 15 U.S.C. § 1692k(d) and 12 U.S.C. § 2614.

2. Venue is proper in this District because Plaintiffs reside here and the acts and transactions occurred here and the property that is the subject of this litigation is located within this District.

## PARTIES

3. Plaintiffs David and Barbara Oliver are natural persons who at all material times resided and continue to reside in Tacoma, Washington.

1 – FIRST AMENDED COMPLAINT

4. Defendant, Ocwen Loan Servicing, LLC ("Ocwen") is a Delaware limited liability company.

5. Plaintiffs purchased their home that is the subject of this litigation for each of their personal and joint family use and the plaintiffs continue to reside in the home.

6. On or about January 26, 2005 Plaintiffs financed their home through HomEq Servicing Corp. ("HomEq").

7. When Plaintiffs financed their home they promised to repay the money they borrowed from HomEq.

8. Plaintiffs defaulted on their payments to HomEq prior to November 22, 2006.

9. On or about November 22, 2006 Ocwen began to service the plaintiffs' loan by collecting the payments due under the loan.

10. By servicing the Plaintiffs' loan Ocwen assumed the responsibility to properly credit all payments made under the loan; execute its duties under the Real Estate Settlement Procedures Act ("RESPA"); and assumed the right to commence a foreclosure on the Plaintiffs' property.

11. Ocwen's principal purpose is to collect money from individual consumers that is owed on their home loans.

12. Ocwen collects the money from individuals for loans that Ocwen did not originate; rather, Ocwen collects the money that is owed to another person.

13. Ocwen regularly collects money from individuals that it alleges are in default when it begins to collect those debts.

14. Ocwen uses interstate mail and interstate wire services in its business.

2 – FIRST AMENDED COMPLAINT

FACTUAL BACKGROUND

15. On or about November 22, 2006 Plaintiffs filed for Chapter 13 Bankruptcy protection.

16. As a part of their Bankruptcy, Plaintiffs filed a Chapter 13 plan ("Plan") that proposed that the Plaintiffs would make monthly payments to the Chapter 13 trustee and the trustee would in turn pay to Ocwen all arrears owed to Ocwen plus make the ongoing payments that came due to Ocwen, during the life of the Plan.

17. On or about July 6, 2007 HomEq filed a claim in Plaintiffs' bankruptcy which alleged that Plaintiffs owed $162,569.33 at the time the Plaintiffs' bankruptcy was filed and owed $21,007.49 in arrears.

18. Plaintiffs completed the Plan and Ocwen was paid $85,362.13, including $25,732.49 for arrears owed as of the Bankruptcy filing date, by the Chapter 13 trustee by the time the Plan was completed in February 2011 including.

19. The Chapter 13 trustee paid Ocwen all money that was due to it up to the date of the Chapter 13 was discharged in February 2011.

20. In January 2011 Ocwen alleged that Plaintiffs were delinquent by $9072.49.

21. In January 2011 the Plaintiffs were not delinquent on their debt that Ocwen was collecting.

22. On or about January 12, 2011 Plaintiffs' counsel mailed Defendant a letter that stated Ms. Oliver's name, address, account number, and stated, "My client believes her arrears have been paid off and that her mortgage payments are current." The letter requested the errors be corrected and requested, inter alia, documents showing the payment history.

3 – FIRST AMENDED COMPLAINT

23.  On or about January 28, 2011 Defendant responded with a letter that stated, "we have reviewed the loan and below is the recap of our response to the concern you raised: ***we have enclosed the prior servicer's transaction history, which demonstrates all credits and disbursements on the loan while being serviced by that institution." Defendant acknowledged its duty to comply with a "qualified written request" and to provide information relating to the servicing of the loan; however, Ocwen stated it would not provide an accounting of the payments it received, "as the information is confidential, and does not relate to the servicing of this loan."

24. Defendant repeatedly attempted to collect from Plaintiffs the money that it was already paid through the Plan.

25. Defendant attempted to foreclose on Plaintiffs when the Plaintiffs refused to pay Ocwen the money that it had already been paid through the Plan.

26. Defendant has not provided Plaintiffs with an accounting of the money it has received.

27. As a result of Defendant's conduct the Plaintiffs have suffered monetary loss including the money that was paid to the trustee and not credited to their home loan, money spent in an attempt to have Defendant correct the loan history, denial of credit, lost credit opportunities; upset; worry; frustration and other negative emotions.

28. Defendant has reported false information on the Plaintiffs' credit reports and has failed to indicate that the Plaintiffs dispute the amount of the debt that is owed.

JURY TRIAL

29. Plaintiffs request a trial by jury in this case.

4 – FIRST AMENDED COMPLAINT

CLAIM ONE

FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

30. Plaintiffs incorporate by reference the above allegations.

31. Plaintiffs are consumers as defined by the FDCPA.

32. Defendant is a debt collector as defined by the FDCPA.

33. Defendant's conduct detailed above violates the following provisions of the FDCPA: 15 U.S.C. § 1692d; 1692e; 1692e(2); 1692e(5); 1692e(8); 1692e(10); 1692f; 1692f(1); 1692f(5); and 1692f(6).

CLAIM TWO

RESPA

34. Defendant is a loan servicer as that term is defined by RESPA.

35. Plaintiffs' loan is a federally regulated mortgage loan.

36. Plaintiffs are borrowers as that term is used in RESPA.

37. Plaintiffs' letter to Ocwen dated January 12, 2011 is a qualified written request as that term is used by RESPA.

38. Defendant's failure to respond fully to Plaintiffs' letter and to correct the accounting and correct the Plaintiffs' credit report is a violation of RESPA 12 U.S.C. § 2605(e).

PRAYER FOR RELIEF

Wherefore, Plaintiffs request that this Court enter judgment against Defendant for the following:

A. Compensatory Damages in an amount to be determined by a jury;

B. Statutory Damages pursuant to 15 U.S.C. § 1692k in the amount of $1,000 and pursuant to 12 U.S.C. § 2605(f) in the amount of $1,000;

5 – FIRST AMENDED COMPLAINT

C. Attorney fees and costs pursuant to 15 U.S.C. § 1692k and 12 U.S.C. § 2605(f); and

D. For such other relief that the Court deems proper.

DATED November 9, 2012.

                                                /s/ Keith D. Karnes
                                                Keith D. Karnes, WSBA # 35000
                                                Attorney for plaintiffs

6 – FIRST AMENDED COMPLAINT

CERTIFICATE OF SERVICE

I, Keith Karnes, certify that I filed the foregoing document via ecf which will in turn serve:

Robert W. Norman     rnorman@houser-law.com

DATED November 9, 2012.

                                          /s/ Keith D. Karnes
                                          Keith D. Karnes, WSBA # 35000
                                          Attorney for plaintiffs

7 – FIRST AMENDED COMPLAINT