Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID LEWIS OLIVER AND BARBARA ELLEN OLIVER,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC;<br><br>Defendant. | Case No.  3:12-cv-05374-BHS<br><br>**DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION TO DISMISS**<br>[Fed. R. Civ. P. 12(b)(6)]<br><br>**NOTE ON MOTION CALENDAR**: DECEMBER 21, 2012 |

I.  **INTRODUCTION**

Plaintiffs' First Amended Complaint ("FAC") is still devoid of any factual allegations to support Plaintiffs' claims for Violations of the Fair Debt Collection Practices Act and Real Estate Settlement Procedures Act.

---

OCWEN'S MOTION TO DISMISS  - 1
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com

1	Plaintiffs' FDCPA claim fails as a matter of law because it is well established that
2	mortgage servicers are not "debt collectors" as defined in the statute and therefore the statue
3	does not apply to Ocwen.

4	Plaintiffs' RESPA claim also fails because Plaintiffs concede that Ocwen responded to
5	the alleged Qualified Written Request ("QWR") and have failed to allege any actual damages
6	sustained for the alleged failure to respond to the alleged QWR.  Because Plaintiffs' FAC fails
7	to allege any facts to support their claims, Defendant's motion should be granted and Plaintiffs'
8	claims dismissed with prejudice.

9	**II.	STATEMENT OF FACTS**

10	On or about January 26, 2005, Plaintiffs obtained a mortgage loan from Argent
11	Mortgage Company, LLC in the amount of $144,500 memorialized by a Note and secured by a
12	Deed of Trust recorded against the Subject Property (the "Subject Loan").  [*See* Request for
13	Judicial Notice "RJN", **Exhibit 1].**  Thereafter, Plaintiffs defaulted on the loan.  [FAC ¶8].
14	Plaintiffs filed bankruptcy in November 2006. [FAC ¶15].   Plaintiffs completed the plan and
15	the Bankruptcy was discharged on February 2, 2011.  [FAC ¶19].   At the time of the discharge
16	the Subject Loan was contractually due for a March 1, 2011 payment.  [FAC ¶19].    Shortly
17	after the Plaintiffs' Chapter 13 Plan was completed and the Bankruptcy discharged Plaintiffs
18	once again defaulted on their loan.  Instead of curing the default, Plaintiffs have brought the
19	present action.

20	**III.	ARGUMENT**

21	**A.	Plaintiffs' First Claim For Violation of the FDCPA (15 U.S.C. §§ 1692, *et***
22	***seq.*) is Barred as a Matter of Law Because Defendant Is Not a "Debt**
23	**Collector" Within the Meaning of the Statute**

24	Plaintiffs' first claim fails as a matter of law because Ocwen is not a debt collector.
25	Even if Ocwen was a debt collector, Plaintiffs have failed to allege any actions taken by Ocwen

26

27	OCWEN'S MOTION TO DISMISS  - 2	ROBERT W. NORMAN, JR. (SBN 37094)
	No. 3:12-CV-05374-BHS	HOUSER & ALLISON
28		A Professional Corporation
		3780 Kilroy Airport Way, Suite 130
		Long Beach, California 90806
		Telephone:  (562) 256-1675
		Facsimile:  (949) 679-1112
		Email:  rnorman@houser-law.com

1  that violated of the FDCPA.

2  Ocwen is not subject to Plaintiffs' FDCPA claim because Ocwen is not a "debt
3  collector" within the meaning of the statute.  To be liable under the provisions of the FDCPA,
4  the defendant must be a "debt collector" as defined by the statute.  *Rowe v. Educational Credit*
5  *Management Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009).  "[A] 'creditor' is not a 'debt
6  collector' under the FDCPA." *Id.*; see also 15 U.S.C. Section 1692a(6)(A).  "Mortgagees and
7  their beneficiaries, including mortgage servicing companies, are not debt collectors subject to
8  the FDCPA." *See Mansour v. Cal–Western Reconveyance Corp.,* 618 F.Supp.2d 1178, 1182
9  (D.Ariz.2009) (citing *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.1985) ("The
10 legislative history of section 1692a(6) indicates conclusively that a debt collector does not
11 include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as
12 long as the debt was not in default at the time it was assigned.")); *accord Montgomery v.*
13 *Huntington Bank,* 346 F.3d 693, 698 (6th Cir.2003). *Karl v. Quality Loan Serv. Corp.*, 759 F.
14 Supp. 2d 1240, 1248 (D. Nev. 2010).

15  "The Act [FDCPA] is aimed at debt collectors who might have 'no future contact with
16 the consumer and often are unconcerned with the consumer's opinion of them.'  'Where there is
17 an ongoing relationship, creditors arguably have an incentive to treat debtors with honesty and
18 respect.'"  *Schlegel v. Wells Fargo Bank, N.A.*, 799 F. Supp.2d 1100 (N.D. of Ca. 2011).

19  Here, as in *Schlegel*, there is an ongoing relationship, Plaintiff allege that Ocwen has
20 been servicing Plaintiffs' loan since 2006. [FAC ¶ 9].   Plaintiffs' allege that when their
21 Chapter 13 Plan was completed on February 2, 2011, Plaintiffs' loan was current.   [FAC ¶19].
22 The claims asserted by Plaintiffs are all based on actions taken after Plaintiffs' Chapter 13 plan
23 was completed and the loan was current.   [FAC ¶¶ 15-27].   Therefore, Ocwen is not a debt
24 collector and cannot be liable under the FDCPA.

25  Even assuming Ocwen is a "debt collector" Plaintiffs' claim fails because Plaintiffs'

26

27 OCWEN'S MOTION TO DISMISS  - 3
   No. 3:12-CV-05374-BHS

28

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com

1  boilerplate allegations are not sufficient to state a claim against Ocwen.  Plaintiffs have failed
2  to allege any ultimate facts of acts taken by Ocwen in violation of the sections cited.
3  Conclusory allegations of law are not taken as true for purposes of a motion to dismiss.  *Pareto*
4  *v. Federal Deposit Ins. Corp.*, 139 F. 3d 696, 699 (9th Cir. 1998).  Plaintiffs' FDCPA claim
5  fails to allege a claim against Ocwen and should be dismissed with prejudice.

6  **B.   Plaintiffs' Second Claim Fails Because Plaintiffs Have Not Alleged a Viable**
7  **Claim for Violation of the RESPA.**

8  Plaintiffs' second claim for violations of RESPA fails because Ocwen did respond to
9  the alleged QWR and Plaintiffs have failed to allege any damages.

10  RESPA defines a QWR as a request for information relating to the servicing of the
11  loan, and a statement of the reasons for the belief of the borrower, to the extent applicable, that
12  the account is in error.  (12 *U.S.C.* § 2605(e)(1)(B).) To allege a violation of RESPA under
13  this statutory provision, the plaintiff must set forth facts that "(1) the servicer failed to comply
14  with the statute's QWR [Qualified Written Request] rules; and (2) that the plaintiff incurred
15  actual damages as a consequence of the servicer's failure."  (15 *U.S.C.* 2605(f); (RESPA §
16  2605(e)(1)(A)-(B).)   RESPA allows recovery only for "actual damages ... as a result of
17  [Defendant's] failure" to respond to the QWR and statutory damages in the event of a pattern
18  or practice of non-compliance. (12 U.S.C. § 2605(f)(1).)

19  First, Plaintiffs' claim fails because they concede that on or about January 28, 2011,
20  Ocwen responded to the QWR and "provided the prior servicer's transaction history, which
21  demonstrates all credits and disbursements on the loan which being serviced by that
22  institution."  [FAC, ¶23].

23  Second, Plaintiffs' claim fails because they have failed to allege any actual damages
24  caused by the alleged failure to respond to the QWR.   Under RESPA, anyone who violates
25  RESPA is liable for actual damages where there is no pattern or practice of noncompliance

26
27  OCWEN'S MOTION TO DISMISS  - 4       ROBERT W. NORMAN, JR. (SBN 37094)
    No. 3:12-CV-05374-BHS                HOUSER & ALLISON
28                                        A Professional Corporation
                                          3780 Kilroy Airport Way, Suite 130
                                          Long Beach, California 90806
                                          Telephone:  (562) 256-1675
                                          Facsimile:  (949) 679-1112
                                          Email:  rnorman@houser-law.com

1    with the requirements of 2605. 12 U.S.C. 2605(f)(1). "Although this section does not
2    explicitly set this out as a pleading standard, a number of courts have read the statute as
3    requiring a showing of pecuniary damages in order state a claim." *Frase v. U.S. Bank, N.A.*,
4    2012 WL 1658400 *5 (W.D. Wash., May 11, 2012) citing, *Allen v. United Fin. Mortg. Corp.,*
5    660 F.Supp.28 1089, 1097 (N.D.Cal. 2009)(citing *Hutchinson v. Del. Sav. Vank FSB,* 410
6    F.Supp.2d 374, 383 (D.N.J. 2006)(stating that "alleging a breach of RESPA duties alone does
7    not state a claim under RESPA. [Plaintiff] must, at a minimum, also allege that the breach
8    resulted in actual damages."); *Sitanggnag v. Countrywide Home Loans, Inc.,* No. 09-56700,
9    419 Fed. App'x 756, 757 (9th Cir. March 8, 2011)(Plaintiff's RESPA claim "was properly
10   dismissed because she did not allege facts suggesting that she suffered any actual damages").
11   To recover statutory damages, Plaintiffs must plead some pattern or practice of noncompliance
12   with RESPA. 12 U.S.C. § 2605(f)(1)(B).
13   The RESPA claim should be dismissed with prejudice because Plaintiffs admit they
14   received a response to the QWR on January 28, 2011 and have failed to allege actual damages.

15   **IV.   CONCLUSION**
16   For the reasons set forth above, all of Plaintiffs' claims should be dismissed with
17   prejudice.

18   Dated: November 26, 2012              **HOUSER & ALLISON**
                                           A Professional Corporation
19
20                                         /s/ Robert W. Norman
                                           Robert W. Norman, Jr.
21                                         Attorneys for Defendant,
                                           Ocwen Loan Servicing, LLC
22
23
24
25
26

27   OCWEN'S MOTION TO DISMISS - 5        ROBERT W. NORMAN, JR. (SBN 37094)
     No. 3:12-CV-05374-BHS                HOUSER & ALLISON
28                                        A Professional Corporation
                                          3780 Kilroy Airport Way, Suite 130
                                          Long Beach, California 90806
                                          Telephone: (562) 256-1675
                                          Facsimile: (949) 679-1112
                                          Email: rnorman@houser-law.com

# DECLARATION OF SERVICE

The undersigned declares as follows:

    On November 26, 2012, I served the foregoing document on the following individual(s) through the CM/ECF System to the e-mail addresses listed below or by U.S. Mail, Postage Prepaid:

Keith D. Karnes
OlsenDaines, O.C.
3995 Hagers Grove Rd, SE
Salem, OR 97309-1375
Tel.: 503-274-4252
E-mail: kkarnes@caspaclaw.com
*Attorneys for the Plaintiffs*

                                        /s/ Richard Mendizábal
                                        Richard Mendizábal

OCWEN'S MOTION TO DISMISS  - 6
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com