**Keith D. Karnes**, WSBA # 35000
kkarnes@keithkarnes.com
Karnes Law Offices, PC
1860 Hawthorne Ave. Ste. 10
Salem, OR 97301
Telephone (503) 385-8880
Fax (503) 385-8899

Hon. Benjamin H. Settle

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID LEWIS OLIVER and BARBARA ELLEN OLIVER,         Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,         Defendant. | Case No.: 3:12-cv-05374-BHS<br><br>RESPONSE TO DEFENDANT'S MOTION TO DISMISS |

## BACKGROUND

Plaintiffs financed their home in January 2005 through Homeq. First Amended Complaint ("FAC") ¶ 6.   The loan servicing was transferred to the defendant on or about November 22, 2006.  FAC ¶ 9.  At the time the defendant began servicing the plaintiffs' loan the mortgage was in default.  FAC ¶ 8-9.

Due to the fact that the plaintiffs were unable to make all of their payments due on their mortgage they filed for Chapter 13 Bankruptcy protection on or about November 22, 2006.  FAC ¶ 15.

The plaintiffs completed their plan which paid the defendant all of its payments that came due after the bankruptcy was filed, but also paid all arrears that were due prior to the filing of the case. FAC ¶ 17-18.   Despite the fact that the plaintiffs cured all missed payments to the defendant, immediately following plaintiffs' bankruptcy discharge, defendant alleged that plaintiffs were delinquent on their mortgage payments. FAC ¶ 19-21.

Defendant's attempts to collect included demands for payment of money that it had already been paid by the bankruptcy trustee.  FAC ¶ 25.  Defendant went so far as to commence a foreclosure on Plaintiffs' home. Id.   Plaintiffs repeatedly informed defendant they were current on their home payments.  Plaintiffs' attorney made a qualified written request to Defendant requesting a loan history; however, Defendant, as of the date of this response has refused to provide the loan history.  FAC ¶ 22-23, 26.

STANDARD

Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." Id. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

A Plaintiff need not plead a prima facie case in her complaint pursuant to Fed. R. Civ. Pro. 8(a)(2). Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002). A prima facie case is a

standard of proof, not a pleading standard. Id. at 510. The standard for pleading is Fed. R. Civ. Pro. 8.

> This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court.

> Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts. Id. at 512-513 (internal citations omitted).

If a court dismisses a claim the court should grant leave to amend unless the court determines the allegation of other facts consistent with the operative pleading could not possibly cure the deficiency. Schreiber Distrib. Co. v. Serv-Well Furn. Co., 806 F.2d 1393, 1401 (9th Cir.1986). See also Reddy v. Litton Indus., 912 F.2d 291 (9th Cir. 1990), cert. denied, 502 U.S. 921(1991).

ARGUMENT

I.   OCWEN IS A DEBT COLLECTOR FOR PURPOSES OF THE FDCPA.

The Defendant previously filed a motion to dismiss the Plaintiffs' original complaint based on the claim that Defendant is not a debt collector.  The Court declined to make such a finding and allowed the Plaintiffs to re-plead because "the Olivers have failed to allege that Ocwen's principal purpose is the collection of debts or that Ocwen was assigned the Olivers' debt for the purpose of facilitating its collection for another."  Order on defendant's motion to dismiss p. 4.

The First Amended Complaint contains all of the requisite allegations to establish that Ocwen is a debt collector under the FDCPA.  FAC 11-14.  Defendant moves to dismiss and cites case law that makes it clear, "The legislative history of section 1692a(6) indicates

conclusively that a debt collector does not include the consumer's creditors, a mortgage

servicing company, or an assignee of a debt, as long as the debt was not in default at the time it

was assigned.  Perry v. Stewart Title Co. 756 F.2d 1197, 1208 (5th Cir.1985).  Defendant cites

Mansour v. Cal–Western Reconveyance Corp., 618 F.Supp.2d 1178, 1182 (D.Ariz.2009) to

suggest that mortgage servicing companies can never be subject to the FDCPA.  However,

Mansour holds contrary.  The Court in Mansour states, "pre-default assignee on promissory

note [are not] debt collectors."  Id.  Mansour further states, the FDCPA does not include within

the definition of debt collector mortgage servicing companies "so long as the debts were not in

default when taken for servicing."  Id.  Indeed, the facts of Mansour indicate that the plaintiff

did not indicate when the loan went into default.  "At some point, Plaintiff stopped making

payments on the loan."  Id at 1180.

     Here, the FAC alleges that Defendant uses the instrumentalities of interstate commerce.

FAC ¶ 14.  The FAC further alleges that the principal purpose of Defendant is to collect debts

owed another.  FAC ¶ 11-12.

     The FDCPA defines the term "debt collector" as: "any person who uses any

instrumentality of interstate commerce or the mails in any business the principal purpose of

which is the collection of any debts, or who regularly collects or attempts to collect, directly or

indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. §1692a(6).

     Courts have repeatedly held that a loan servicer which begins to service a loan when it is

alleged to be in default is also a debt collector for purposes of the FDCPA.  E.g., Schlosser v.

Fairbanks Capital Corp., 323 F.3d 534, 539 (7th Cir. 2003).  The FDCPA "treats assignees as

debt collectors if the debt sought to be collected was in default when acquired by the assignee,

and as creditors if it was not."  Id at 536, citing Bailey v. Security Nat'l Servicing Corp., 154

F.3d 384, 387 (7th Cir.1998); <u>Whitaker v. Ameritech Corp.</u>, 129 F.3d 952, 958 (7th Cir.1997);

<u>Pollice v. Nat'l Tax Funding, L.P.</u>, 225 F.3d 379, 403-04 (3d Cir.2000); <u>Wadlington v. Credit

Acceptance Corp.</u>, 76 F.3d 103, 106-07 (6th Cir.1996); and <u>Perry v. Stewart Title Co.</u>, 756

F.2d 1197, 1208 (5th Cir.1985).

 Defendant suggests that dicta in the case <u>Schlegel v. Wells Fargo Bank, N.A.</u>, 799 F.

Supp.2d 1100 (N.D. of Ca. 2011) should be a basis for determining that defendant is not a debt

collector.  Defendant's analysis is contrary to the plain language of the statute and is factually

wrong.  In <u>Schlegel</u>, the court stated recognized that original creditors have a motivation to

treat their customers with respect due to market forces and the consumer's ability to terminate

the relationship; therefore, Congress did not need to include original creditors within the ambit

of the FDCPA.  However, this does not modify the definition of a debt collector, this reasoning

only buttresses the notion that original creditors are not debt collectors within the definition of

the FDCPA.  As applied to the relationship between Plaintiffs and Defendant, the reasoning

does not apply.  There is nothing to suggest that Plaintiffs could obtain a replacement servicer.

Further, the FAC is clear that the original loan was between the Plaintiffs and HomEq.

Plaintiffs never negotiated their loan terms or selected Ocwen as their loan servicer.  Therefore,

the rational is <u>Schlegel</u> does not apply.

 B.  OCWEN VIOLATED SEVERAL PROVISIONS OF THE FDCPA

 Ocwen has violated many provisions of the FDCPA by failing to credit payments when

they were received, foreclosing when the plaintiffs were current on their loan, and assessing

late fees and foreclosure costs when the plaintiffs were not delinquent.

 Whether conduct violates §§ 1692e or 1692f requires an objective analysis that takes into

account whether "the least sophisticated debtor would likely be misled by a communication."

See <u>Guerrero v. RJM Acquisitions LLC</u>, 499 F.3d 926, 934 (9th Cir.2007); see also <u>Hartman v. Meridian Financial Services, Inc</u>., 191 F.Supp.2d 1031, 1047 (W.D. Wis., 2002) (applying "unsophisticated consumer" standard to FDCPA claim against mortgage servicer.)

The FDCPA prohibits, inter alia, "false, deceptive or misleading representations." 15 U.S.C. § 1692e. Here, the least sophisticated consumer would likely be misled by the fact that plaintiffs were current yet, defendant claimed the plaintiffs were delinquent and the defendant had the right to commence a foreclosure of the plaintiffs' property.

The FDCPA also forbids falsely representing the character, amount or status of the legal status of the debt. §1692e(2). A mortgage servicer which attempts to collect amounts a borrower does not owe violates the FDCPA. <u>In re Maxwell</u>, 281 B.R. 101 (Bankr.D. Mass. 2002); <u>In re Hart</u>, 246 B.R. 709 (Bankr.D. Mass. 2000); <u>Scott v. Fairbanks Capital Corp</u>., 284 F. Supp. 2d 880 (S.D. Ohio 2003). By attempting to collect late fees that the plaintiffs did not owe, defendant violated §1692e(2).

In addition to the false representations listed above, the FAC also alleges that Defendant has reported false information on Plaintiffs' credit reports and has failed to indicate that the Plaintiffs dispute the amount of the debt that is owed. FAC ¶ 28. This allegation gives rise to a violation of 15 U.S.C. § 1692e(8).

C. DEFENDANT VIOLATED THE REAL ESTATE SETTLEMENT PROCEDURES ACT.

RESPA imposes a, "[d]uty of loan servicer to respond to borrower inquiries." 12 U.S.C. § 2605. Not only does a servicer have to respond, but the servicer must "make appropriate corrections in the account of the borrower *** and transmit to the borrower the written notification of such correction." 12 U.S.C. § 2605(e)(2)(A). Upon receipt of a Qualified

Written Request, "a servicer may not provide information regarding any overdue payment ***
to any consumer reporting agency." 12 U.S.C. § 2605(e)(3).  The FAC alleges that defendant
has failed to comply with either section RESPA.

The plaintiffs have stated that Defendant was not properly accounting for the payments
it received and made a qualified written request that Ocwen correct the accounting. FAC ¶ 22.
In response, "Ocwen stated it would not provide an accounting of the payments it received, "as the
information is confidential, and does not relate to the servicing of this loan." FAC ¶ 23.

In response to Plaintiffs' QWR Ocwen provided the loan history for the loan up do the
date that Ocwen began to service the Loan; however, Ocwen failed to provide its accounting.
As of the date of this response, Ocwen has still failed to provide an accounting of the money it
received from the Plaintiffs or the bankruptcy trustee.

Ocwen's failure to correct the accounting has led to the attempted foreclosure on the
Plaintiffs' home, credit denials, and money spent in an attempt to correct the loan history.  All
of this is alleged in the FAC.  FAC ¶ 24-26; 27-28.

Wherefore, plaintiffs request that the Court deny the defendant's motion.

DATED December 17, 2012.


/s/ Keith D. Karnes
Keith D. Karnes, WSBA # 35000
Attorney for plaintiffs

CERTIFICATE OF SERVICE

I, Keith Karnes, certify that I filed the foregoing document via ecf which will in turn serve:

Robert W. Norman       rnorman@houser-law.com

DATED December 17, 2012.


/s/ Keith D. Karnes
Keith D. Karnes, WSBA # 35000
Attorney for plaintiffs