Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID LEWIS OLIVER AND BARBARA ELLEN OLIVER,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC;<br><br>Defendant. | Case No.  3:12-cv-05374-BHS<br><br>**DEFENDANT OCWEN LOAN SERVICING, LLC'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>**NOTE ON MOTION CALENDAR**:<br>**DECEMBER 21, 2012** |

COMES NOW Defendant Ocwen Loan Servicing, LLC, ("Ocwen") and replies to Plaintiffs David Lewis Oliver and Barbara Ellen Oliver's (the "Plaintiffs") Response to Motion to Dismiss as follows:

**I.     INTRODUCTION**

Plaintiffs' second attempt to allege violations of the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA") fail because Ocwen is

---

REPLY TO OPPOSITION TO MOTION TO DISMISS - 1
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com

1  not a debt collector under the FDCPA and because Plaintiffs admit that Ocwen responded to
2  their alleged Qualified Written Request ("QWR").  Moreover, even if the court assumes that
3  Ocwen is a debt collector, Plaintiffs have not alleged how the acts set forth in their complaint
4  were abusive tactics in violation of FDCPA.

5  For the reasons set forth herein and in the moving papers, Ocwen's Motion to Dismiss
6  should be granted and Plaintiffs' complaint dismissed with prejudice.

7  **II.    LAW AND ARGUMENT**

8  **A.    Ocwen is Not a "Debt Collector".**

9  Plaintiffs still argue that because the debt was in default when the loan was service
10 transferred to Ocwen, Ocwen is a debt collector.  Plaintiffs' argument fails because Plaintiffs'
11 FAC is premised on the fact that that the loan was current at the time the alleged violations
12 occurred and because Ocwen acquired the debt to service the mortgage loan not for the sole
13 purposes of collecting a debt.

14 Case law distinguishes a debt collector and a loan servicer, even when the loan was in
15 default when the loan was servicer transferred.  The act of servicing a loan is distinct from that
16 of collecting a debt.  Loan servicers engage in a long-term relationship with a borrower,
17 whereas a debt collector is hired by a third party to collect a one-time obligation.  As one
18 Washington federal court recently observed, "The Act's target are independent debt collectors
19 of "past-due" or "delinquent" debts, who, unlike creditors, are not "restrained by the desire to
20 protect their good will when collecting past due accounts," since "independent collectors are
21 likely to have no future contact with the consumer and often are unconcerned with the
22 consumer's opinion of them." *Walcker v. SN Commercial, LLC*, CV-06-009-RHW, 2006 WL
23 3192503 (E.D. Wash. Nov. 2, 2006) *aff'd on other grounds,* 286 F. App'x 455 (9th Cir. 2008).

24 Alleging that the loan was transferred "in default" is insufficient to turn a loan servicer
25 like Ocwen into a "debt collector" under the Act.  *Schlegel v. Wells Fargo Bank, N.A.*, 799 F.

26

27 REPLY TO OPPOSITION TO MOTION TO DISMISS - 2
   No. 3:12-CV-05374-BHS

28

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com

1  Supp. 2d 1100, 1106 (N.D. Cal. 2011).  Rather, under the FDCPA, a debt transferred in default
2  does not automatically turn a creditor into a debt collector unless the debt was acquired "solely
3  for the purpose of facilitating the collection of debt for another."  15 U.S.C. 1692(a)(4). The
4  *Schlegel* Court explored this requirement in depth, dismissing the plaintiff's FDCPA claim
5  because the mortgage lender's collection activities were "more like debt servicing" than debt
6  collecting.  Even though the plaintiff's loan was in default when it was transferred to the
7  defendant, the Court found it was not transferred solely for the purpose of debt collection, and
8  as such, the FDCPA did not apply.  *Id.*; citing court in *Hulse v. Ocwen Fed. Bank,* 195
9  F.Supp.2d 1188, 1203 (D.Or.2002).

10  Here there is an ongoing relationship, as evidenced by the allegations that Ocwen has
11  been servicing Plaintiffs' loan since 2006 and has continued to service the loan.  [FAC ¶ 9].
12  Plaintiffs' also admit that when their Chapter 13 Plan was completed on February 2, 2011,
13  Plaintiffs' loan was current.  [FAC ¶ 19].  The claims asserted by Plaintiffs are all based on
14  actions taken after Plaintiffs' Chapter 13 plan was completed and the loan was current.  [FAC
15  ¶ 16-25].

16  Even if the Court finds that Ocwen is a debt collector, the Plaintiffs' claim fails because
17  Plaintiff has failed to allege that he acts amounted to abusive tactics.   Under the FDCPA, it is
18  unlawful for debt collectors to use abusive tactics while collecting debts of another. 15 U.S.C.
19  1692.  The allegations set forth in the FAC do not amount to abusive tactics.  At most the acts
20  alleged constitute an accounting dispute.  [FAC].

21  Plaintiffs' FDCPA claim fails to allege a claim against Ocwen and should therefore be
22  dismissed with prejudice.

23  ///
24  ///
25  ///
26

27  REPLY TO OPPOSITION TO MOTION TO DISMISS - 3
No. 3:12-CV-05374-BHS

28

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com

1    **B.    Plaintiffs' Second Claim Fails Because Plaintiffs Still Have Not Alleged a**
2    **Viable Claim for Violation of RESPA.**

3    Plaintiffs argue that their RESPA claim should not be dismissed because Ocwen did not respond to a Qualified Written Request ("QWR") and because Ocwen provided inaccurate information to the credit reporting agency.  Both arguments fail because Ocwen did respond to the QWR and there are no ultimate factual allegations of improper credit reporting.

7    First, Ocwen responded to Plaintiffs' alleged QWR dated January 11, 2011, on January 28, 2011.  [FAC ¶ 23].   While Plaintiffs may not have been satisfied with the response, Ocwen did respond.   There are no allegations that Plaintiffs sent a second QWR or that Ocwen failed to respond to a second QWR.

11   Moreover there are no specific facts articulated as to what was inaccurately reported to the credit bureaus.  The only allegation pertaining to the alleged reporting is a boilerplate allegation that Ocwen reported false information.  Plaintiffs' claim pursuant to RESPA is insufficiently alleged and should be dismissed with prejudice.

15   **III.    CONCLUSION**

16   For the above-stated reasons as well as those set forth in the moving papers, Defendant Ocwen respectfully request the Court to grant Ocwen's Motion to Dismiss.

19   Dated:  December 21, 2012         **HOUSER & ALLISON**
                                        A Professional Corporation

                                        /s/ Robert W. Norman
                                        Robert W. Norman, Jr.
                                        Attorneys for Defendant,
                                        Ocwen Loan Servicing, LLC

---

REPLY TO OPPOSITION TO MOTION TO DISMISS - 4
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com

# DECLARATION OF SERVICE

The undersigned declares as follows:

On December 21, 2012, I served the foregoing document on the following individual(s) through the CM/ECF System to the e-mail addresses listed below or by U.S. Mail, Postage Prepaid:

Keith D. Karnes
Karnes Law Offices, OC
1860 Hawthorne Ave, Ste. 10
Salem, Oregon  97301
Tel.:    503-385-8880
Fax:    503-385-8899
kkarnes@keithkarnes.com
*Attorneys for the Plaintiffs*

        /s/ Richard Mendizábal
        Richard Mendizábal

---

REPLY TO OPPOSITION TO MOTION TO DISMISS - 5
No. 3:12-CV-05374-BHS

ROBERT W. NORMAN, JR. (SBN 37094)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1675
Facsimile:  (949) 679-1112
Email:  rnorman@houser-law.com