UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID LEWIS OLIVER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OCWEN LOAN SERVICES, LLC, <br><br> Defendant. | CASE NO. C12-5374 BHS <br><br> ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND |

This matter comes before the Court on Ocwen Loan Servicing, LLC's ("Ocwen") motion to dismiss (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file. For the reasons stated herein, the Court denies in part and grants in part Ocwen's motion to dismiss with leave to amend the complaint.

**I. PROCEDURAL HISTORY**

On January 25, 2012, Plaintiffs David and Barbara Oliver ("Olivers") financed their home and signed a deed of trust in the amount of $144,500 with lender Argent

ORDER - 1

1  Mortgage Company, LLC. Dkt. 10, Exh. 1. On November 26, 2012, the Olivers filed a
2  Chapter 13 bankruptcy action. Dkt. 6–1, at 5–11. The Olivers allege that HomEq
3  Servicing Corporation transferred the claim under the deed of trust to Ocwen. *Id.* at 6.
4  During the bankruptcy proceeding, the Olivers made payments to the bankruptcy trustee
5  ("Trustee"), who transferred the payments to Ocwen. *Id.* at 6. On February 2, 2011, the
6  Olivers were discharged from bankruptcy. *Id.* at 6-7.
7       The Olivers allege that Ocwen failed to credit payments made on the loan by the
8  Trustee, and that, immediately following discharge, Ocwen claimed that the Olivers were
9  delinquent on the loan. *Id.* at 7. Ocwen then commenced a foreclosure proceeding on the
10 Olivers' home. *Id.*
11      On June 30, 2011, the Olivers filed the instant adversarial proceeding asserting
12 nine causes of action: (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C.
13 § 1692, *et seq.* ("FDCPA"); (2) violations of the Real Estate Settlement Procedures Act,
14 12 U.S.C. § 2601, *et seq.* ("RESPA"); (3) violations of the Washington Consumer
15 Protection Act, RCW Chapter 19.86 ("CPA"); (4) violation of the automatic stay under
16 11 U.S.C. § 362; (5) conversion; (6) breach of contract; (7) contempt; (8) declaratory
17 relief; and (9) breach of fiduciary duty. Dkt. 6-1 at 7-11.
18      On February 2, 2012, the bankruptcy court scheduled trial for April 12, 2012.
19 Dkt. 1–1 at 3. Two days before trial, the Olivers filed a motion to withdraw the reference
20 to the bankruptcy court and try the majority of their claims in this Court. *Id.* at 4. On
21 June 5, 2012, the Court granted the motion to withdraw the reference. Dkt. 3.
22

1   On July 11, 2012, Ocwen filed a motion to dismiss. Dkt. 9. On July 30, 2012, the
2   Olivers responded. Dkt. 11. On August 2, 2012, Ocwen replied. Dkt. 12. The Court
3   granted Ocwen's motion to dismiss, permitting the Olivers to amend their complaint on
4   certain claims, such as their FDCPA and RESPA claims.
5   On November 9, 2012, the Olivers filed their first amended complaint ("FAC"),
6   only alleging violations of FDCPA and RESPA. Dkt. 14. On November 26, 2012,
7   Ocwen filed a motion to dismiss the Olivers' FAC, arguing that it was still devoid of any
8   factual support for the Oliver's alleged FDCPA and RESPA violations. Dkt. 15 at 1.
9   The Olivers failed to respond to Ocwen's motion to dismiss by December 17, 2012. *See*
10  Local Rule 7(d)(3). On December 21, 2012, the noting date for the motion, Defendants
11  filed a reply asking the Court to grant its motion to dismiss based on the Oliver's failure
12  to respond and for the reasons stated in their motion. *See* Dkt. 16. On that same day, the
13  Olivers filed a response brief in opposition to Ocwen's motion to dismiss. Dkt. 15.

14                                      **II. DISCUSSION**

15  Ocwen argues that the Olivers' claims for violations of FDCPA and RESPA
16  should be dismissed. *See* Dkts. 15 and 17. The Olivers argue that their claims for relief
17  should not be dismissed because they have sufficiently stated claims for relief under the
18  aforementioned statutes. *See* Dkt. 16.

19  **A.     Standard**

20  Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil
21  Procedure may be based on either the lack of a cognizable legal theory or the absence of
22  sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*,

901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

B.  **FDCPA**

Ocwen argues that the Oliver's FDCPA claim must fail because it is premised on the faulty assumption that Ocwen qualifies as a "debt collector" within the meaning of FDCPA and because the loan was current at the time the alleged violations occurred. Dkt. 15 at 2 and 3. Ocwen argues that it is not a debt collector within the meaning of the statute; rather it calls itself a mortgage servicer (*id.* at 3) and a debt servicer (*id.* at 2). Ocwen claims that under the case law interpreting FDCPA there is a distinction between debt servicing and debt collection, and the former is not the subject of the statute. Dkts. 15 at 3 & 17 at 2-5.

Finally, Ocwen argues that even assuming it was a "debt collector," the Olivers' claims fail because their "boilerplate allegations are not sufficient to state a claim against Ocwen," and the Olivers have also failed to allege any ultimate acts taken in violation of

1  the FDCAP sections cited by the Olivers. Dkt. 15 at 4. Thus, Ocwen contends, the
2  Olivers' conclusory allegations are not taken as true for the purposes of a motion to
3  dismiss and their complaint should be dismissed. *Id.* (*citing Pareto v. Federal Deposit
4  Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998)).

5        The Olivers maintain that Ocwen is a debt collector within the meaning of
6  FDCPA. Dkt. 16. at 4. They contend that "the principal purpose" of Ocwen is "to collect
7  debts owed another." *Id. See also* Dkt. 14 at 2. The Olivers allege they were in default
8  when Ocwen began servicing the debt. Dkt. 14 at 2. Ocwen maintains that "courts have
9  repeatedly held that a loan servicer which begins to service a loan when it is alleged to be
10 in default is also a debt collector for the purposes of FDCPA." *Id.* (*citing, e.g., Schlosser
11 v. Fairbanks Capital Corp.*, 323 F.3d 543, 539 (7th Cir. 2003)). According to the
12 Olivers, the FDCPA "treats assignees as debt collectors if the debt sought to be collected
13 was in default when acquired by the assignee, and as a creditor if it was not." *Id.*
14 (citations omitted).

15       **1.**    **"Debt Collector" under the FDCPA**

16       To plead entitlement to relief under the FDCPA, Plaintiffs here must allege facts
17 that (1) Defendant was collecting debt as a debt collector, and (2) its debt collection
18 actions were violative of a federal statute. *See Jerman v. Carlisle, et al.*, —— U.S. ——,
19 130 S. Ct. 1605, 1606 (2010) (*citing* 15 U.S.C. 1692 *et seq.*).

20       Pursuant to FDCPA, a "debt collector" is "[1] any person who uses any
21 instrumentality of interstate commerce or the mails in any business the principal purpose
22 of which is the collection of any debts, or [2] who regularly collects or attempts to

ORDER - 5

collect, directly or indirectly, debts owed or due or asserted to be owed or due another."
15 U.S.C. § 1692a(6). Excluded from the definition of debt collector is "any person collecting or attempting to collect any debt owed or asserted to be owed or due another to the extent such activity ... (iii) concerns a debt which was not in default at the time it was obtained." See 15 U.S.C. § 1692a(6)(F).

Also, under the FDCPA, a creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). "Accordingly, collecting debt not for another, whether or not the debt is assigned in default, makes one a creditor. This is in keeping with the legislative history of the FDCPA, which highlights Congress's intent to police the coercive, unrestrained activities of third party debt collectors as distinct from debt servicers." *Schlegel v. Wells Fargo Bank, N.A.*, 799 F. Supp. 2d 1100, 1104 (N.D. Ca. 2011) (*citing see McKinney v. Cadleway*, 548 F.3d 496, 501 (7th Cir. 2008).

The parties' initial dispute is whether Ocwen is a debt collector under the FDCPA such that the Olivers fail to state a claim for relief. The parties cite no Ninth Circuit authority directly addressing the issue of whether a loan servicer in Ocwen's position vis-a-vis the Olivers qualifies as a debt collector under the FDCAP, and this Court finds no such authority.

In this case, the Court finds that Ocwen meets the definition of a debt collector. Although Ocwen argues that it is a mortgage or loan servicer and therefore not a debt

ORDER - 6

collector, their argument fails. Ocwen's argument attempts to distinguish between debt collectors, who fall under FDCAP, and loan servers, who do not. Dkts. 15 at 3. However, Ocwen fails to fully explain the reasoning courts have applied to arrive at the conclusion that the loan servicers in the cases it cites were not debt collectors. For example, Ocwen relies on *Mansour v. Cal-Western Reconveyance Corp*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009) (*citing Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)) for the proposition that "[m]ortagees and their beneficiaries, including mortgage servicing companies, are not debt collectors subject to the FDCPA." What Ocwen leaves out is that in each case the court noted that the legislative history indicates that "mortgage servicer companies and others who service outstanding debts for others, [are not debt collectors] so long as the debts were *not in default when taken for servicing*." (Emphasis added). As the Sixth Circuit stated in *Bridge v. Ocwen Fed. Bank, FSB*, 681 F. 3d 355, 359 (6th Cir. 2012)

> For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired. The same is true of a loan servicer, which can either stand in the shoes of a creditor or become a debt collector, depending on whether the debt was assigned for servicing before the default or alleged default occurred.

*Id.* (citations and footnote omitted). "Although there is no statutory definition of 'loan servicer' under the Act, a loan servicer will become a debt collector under § 1692a(6)(F)(iii) if the debt was in default or treated as such when it was acquired." *Id.* at

360, n. 4. This Court adopts the reasoning of the Sixth Circuit on this issue, as it is consistent with the language of the statute.

Here, the Olivers allege they were in default when Ocwen began servicing their debt. Dkt. 16 at 1 (*citing* Dkt. 14 at 2). Ocwen does not dispute this fact. Instead, Ocwen argues that the Olivers admit that when their Chapter 13 plan was completed and the present claims were asserted against, Ocwen their loan was current. Dkt. 17 at 3. Ocwen cites no persuasive legal authority for the proposition that, for the purposes of qualifying as a debt collector under FDCAP, it makes any difference whether the loan was current post-completion of a plaintiff's Chapter 13 plan. Thus, the Court concludes that the Olivers have properly alleged the first element of an FDCPA claim against Ocwen.

      2.     **Debt Collection Violations Alleged**

Ocwen argues that even assuming it qualifies as a debt collector, the Olivers fail to allege that Ocwen's conduct amounted to abusive tactics under FDCPA while collecting debts of another. Dkt. 17 at 3. Ocwen argues that "plaintiffs have failed to allege ultimate facts" and the Olivers' "conclusory allegations of law" are not taken as true for the purposes of a motion to dismiss. Dkt. 15 at 4. At most, Ocwen contends the Olivers' allegations amount to an accounting dispute and should therefore be dismissed. *Id.*

The Olivers maintain that Ocwen has violated various provisions of the FDCPA by (1) failing to credit payments when received; (2) foreclosing when they were current on their loan; (3) assessing late fees and foreclosure costs when the Olivers were not delinquent. Dkt. 15 at 6. In the Olivers' FAC, they alleged the foregoing, providing

slightly more detail as to these factual allegations. Dkt. 14 at 3-4. In addition to alleging the aforementioned facts, the Olivers allege the elements of FDCPA claims that they contend Ocwen violated by specifically citing FDCPA provisions, including 15 U.S.C. §§ 1692d; 1692e; 1692e(2); 1692e(5); 1692e(8); 1692e(10); 1692f; 1692f(1); 1692f(5); and 1692f(6).

Upon review of the complaint and relevant sections of 15 U.S.C. 1692, the Court finds that the Olivers have sufficiently plead grounds that may entitle them to relief with regard to §§ 1692e(2) and 1692e(8), as explained in their opposition brief. *See* Dkt. 16 at 8. However, the Court finds the remainder of the Olivers' 15 U.S.C. § 1692 allegations are insufficiently plead, in part because, as Ocwen observed, they lack allegations of ultimate facts.

Therefore, the Court dismisses the Olivers' 15 U.S.C. 1692, *et seq.* claims, excepting their §§ 1692e(2) and 1692e(8) claims. However, the dismissal is without prejudice because this Court is unable to find that any amendment would be futile.

C.   **RESPA**

Ocwen argues that the Olivers' claim for violations of RESPA fails because Ocwen responded to the alleged qualified written request ("QWR") and the Olivers have failed to allege actual damages. Dkt. 15 at 4. As Ocwen notes, the Olivers concede that on or about January 28, 2011, Ocwen responded to the QWR and "provided the prior servicer's transaction history, which demonstrates all the credits and disbursements on the loan which [were] serviced by that institution." *Id.* (*citing* Dkt 14 at 4).

Consistent with the Olivers' complaint (Dkt. 14 at 4), their responsive brief alleges that not only does Ocwen have to respond to the QWR, but Ocwen also "must make appropriate correction in the account of the borrower ***and transmit to the borrower the written notification of such correction," which it failed to do. Dkt. 16 at 6 (*citing* 12 U.S.C. § 2605(e)(2)(A)). Also consistent with their complaint, the Olivers maintain Ocwen violated 15 U.S.C. § 2605(e)(3) by providing information of the Olivers' alleged overdue payment to a consumer reporting agency. Dkt. 16 at 7. It is unclear from the Olivers' responsive brief whether they are abandoning their claim that Ocwen's failure to provide them an accounting of their payments, despite Ocwen's reasoning that such an account was confidential and not related to the servicing of the loan, as an independent violation of RESPA. Finally, the Olivers do not respond to Ocwen's contention that in the absence of a pattern or practice of noncompliance under RESPA (*citing* 12 U.S.C. 2605(f)(1)), the Olivers must allege actual damages. Dkt. 15 at 4.

1. **Duty of Loan Servicer to Respond to Borrower Inquiries**

Relevant part of 12 U.S.C. § 2605 reads as follows:

> (e) Duty of loan servicer to respond to borrower inquiries
> …
> (2) Action with respect to inquiry
> Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall--
>    (A)   make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);

ORDER - 10

> ...
> (3) Protection of credit rating
> During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency (as such term is defined under section 1681a of Title 15).

Under these subsections of 12 U.S.C. § 2605, the Olivers' claims against Ocwen appear to be properly alleged violations. However, the Olivers fail to allege actual damages.

### 2. Actual Damages

As noted above, Ocwen alleges that the Olivers' RESPA claims must fail because they fail to allege actual damages. In support of their argument, Ocwen cites a string of persuasive cases standing for that proposition. Dkt. 15 at 5 (*citing Frase v. U.S. Bank, N.A.*, 2012 WL 1658400 *5 (W.D. Wash., May 11, 2012)) (although 12 U.S.C. § 2605, *et seq*. does not explicitly set this out as a pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim) (*citing Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D.Cal. 2009) (*citing Hutchinson v. Del. Sav. Vank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006)) (stating that "alleging a breach of RESPA duties alone does not state a claim under RESPA. [Plaintiff] must, at a minimum, also allege that the breach resulted in actual damages")).

The Court finds the reasoning in these cases persuasive and adopts their conclusion that a showing of actual damages is required to state a claim under RESPA.

ORDER - 11

Here, the Olivers seek relief in the form of compensatory damages in an amount to be determined by a jury. Dkt. 14 at 5. However, while they allege some specific types of losses, they do not indicate that those alleged losses resulted in actual pecuniary damages of which they make a showing. Therefore, based on the Olivers' failure to allege actual damages, their RESPA claims are dismissed. However, the dismissal is without prejudice and with leave to amend because the Court is unable to find that any amendment would be futile.

### III. ORDER

Therefore, it is hereby **ORDERED** that Ocwen's motion to dismiss (Dkt. 15) is **GRANTED in part** and **DENIED in part** as stated herein. The Olivers may file an amended complaint consistent with this order no later than February 1, 2013.

Dated this 18th day of January, 2013.

BENJAMIN H. SETTLE
United States District Judge